## CIRCUIT COURT OF FAIRFAX COUNTY

Mary Rose Greene

    v.

Board of Supervisors
of Fairfax County

February 6, 1987

Case No. (Chancery) 99313

By JUDGE JOHANNA L. FITZPATRICK

This action arose out of the Board of Supervisors' alleged wrongful adoption of a street vacation ordinance. Respondent argues that Petitioner has failed to allege facts which would support a cause of action against it. I agree with the Board that the petition is insufficiently pled.

Petitioner first alleges that she did not "receive notice" of the meeting at which the ordinance was adopted. The Board's only statutory obligation, however, was to advertise a public hearing on the proposal. Va. Code Section 15.1-431. Petitioner was not entitled to actual notice, and the stated allegations in no way put the Board's advertising practices in issue.

Petitioner further alleges, citing Va. Code § 15.1-482, that an appeal of the adoption of such an ordinance is a matter of right. Even if Petitioner's statutory analysis is correct, she still is bound to clearly inform Respondent of the true nature of her claim. *See* Rule 1:4(d), Rules of the Supreme Court of Virginia. Since the critical element in a claim of wrongful adoption of a vacation ordinance is "irreparable damage," Va. Code § 15.1-482, Respondent must be put on some notice as to the nature of the injury. Petitioner here has not provided such notice.

Admittedly, "irreparable damages" are not easily ascertainable at law. Petitioner's speculation as to her potential future injury, however, does not make her claim a legally cognizable one. Moreover, Petitioner's allegation of a lost easement was raised for the first time in her Motion to Overrule the Demurrer and cannot be considered at this juncture.

The Board of Supervisors' demurrer is sustained. Petitioner will have twenty-one days from the date of entry of the order in this matter within which to plead over, else the action will stand dismissed.